IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYMOND LANCE BRIGGS, Individually and as Personal Representative of the Estate of KELSEY SHELTON SMITH-BRIGGS, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-06-677-M |
| THE STATE OF OKLAHOMA ex rel. THE OKLAHOMA DEPARTMENT OF HUMAN SERVICES et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Plaintiff Raymond Lance Briggs, individually and as Personal Representative of the

Estate of Kelsey Shelton Smith-Briggs, deceased, filed this action on May 1, 2006, in the

District Court of Oklahoma County, Oklahoma, against defendants The State of Oklahoma

ex rel. The Oklahoma Department of Human Services ("DHS"), Howard H. Hendrick in his

official capacity as DHS Director, David Burgess, a DHS supervisor, in his individual

capacity, Kristal Johnson, a DHS social worker, in her individual capacity, Yolanda Hunter,

a DHS social worker, in her individual capacity, Youth and Family Resource Center, Inc.

("YF Resource Center"), Eastern Oklahoma Youth Services, Inc. ("EO Youth Services"),

Jean Bonner, an EO Youth Services case worker, in her individual capacity, and Carla

Lynch, in her individual capacity.  Briggs alleged that each defendant had failed to protect

against and prevent the continuous physical abuse of his daughter, Kelsey Shelton Smith-

Briggs ("Kelsey"), and that their failure to do so resulted in Kelsey's death.

DHS, Hendrick, Johnson, Hunter and Burgess removed the action on June 23, 2006, and alleged that this Court had jurisdiction over the subject matter under title 28, sections 1331 and 1343(a)(3) of the United States Code because Briggs in part had asserted claims under federal law and, in particular, had sought to redress a deprivation of a right secured by the United States Constitution.

The matter now comes before the Court on the Motion to Dismiss filed pursuant to Rule 12(b)(6), F.R.Civ.P., by YF Resource Center, a non-profit corporation, wherein it has challenged the allegations in the second amended complaint for failure to state claims upon which relief may be granted.  Briggs has responded, and YF Resource Center has filed a reply.  Based upon the record, the Court makes its determination.

It is not the objective of Rule 12(b)(6) to formulate issues for trial.  That function is discharged by pretrial discovery.  Furthermore, the Court's task at this stage "'is not to weigh potential evidence that the parties might present at trial,'" Tal v. Hogan, 453 F.3d 1244, 1252 (10th Cir. 2006)(quoting Sutton v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)), or decide whether Briggs will ultimately prevail against this defendant.  Rather, the Court's task is "'to assess whether . . . [Briggs' second amended] complaint alone is legally sufficient to state a claim for which relief may be granted.'"  Id. (quoting Sutton, 173 F.3d at 1236).

In so doing, the Court is mindful that "'all facts alleged in [Briggs' second amended] complaint are taken as true and all reasonable inferences are indulged in . . . [his] favor." Id. (quoting GF Gaming Corp. v. City of Black Hawk, 405 F.3d 876, 881 (10th Cir. 2005)). Dismissal as requested is appropriate only when "it appears beyond doubt that . . . [Briggs]

can prove no set of facts in support of . . . [his] claim[s] which would entitle . . . [him] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(footnote omitted).

This lawsuit arises out of horrific acts of abuse.[1]  Briggs has asserted in the third claim for relief that defendant Lynch[2] is a court appointed special advocate (CASA) associated with YF Resource Center, Second Amended Complaint at 9, ¶ 28, and that she "actively participated in the investigation of abuse . . . ."  Id.  Briggs has further alleged in this claim that YF Resource Center together with EO Youth Services and the individual defendants violated Kelsey's right to substantive due process as guaranteed by the fourteenth amendment to the United States Constitution.  Briggs has contended that each of these defendants "acted recklessly and in conscious disregard of [obvious and known] . . . risks to Kelsey," Second Amended Complaint at 10, ¶ 30, and that their actions "caused Kelsey . . . to endure serious physical abuse, great physical pain and suffering, emotional distress, and permanent injuries which ultimately resulted in her death."  Id. at 11-12, ¶ 33.

In his fourth claim for relief,[3] Briggs has alleged

(1) that on May 10, 2005, the Honorable Craig Key, Associate District Judge for Lincoln County, Oklahoma, appointed Lynch to act as the CASA volunteer assigned to Kelsey in the state court proceedings;

---

[1]As the parties are well aware of the events giving rise to this lawsuit, the Court finds it unnecessary to recite the factual background as set forth in the second amended complaint.

[2]Lynch answered the allegations in the second amended complaint on August 31, 2006.

[3]In a seventh claim for relief, Briggs has also sought an award of punitive damages against inter alios YF Resource Center.

(2) that YF Resource Center "was in the business of providing services to the Lincoln County District Court through its CASA representatives," Second Amended Complaint at 12, ¶ 36;

(3) that "[a]t all times relevant to this action, and pursuant to its Letter Agreement with the Lincoln County District Court, . . . [YF Resource Center] was responsible for [Lynch's] . . . recruit[ment], screening, training and supervis[ion] . . . and was responsible for approving her and presenting her as someone who [was] qualified to serve in the role of a Court Appointed Special Advocate[,]" id. ¶ 37;

(4) that YF Resource Center "breached its obligations under the Letter Agreement, or negligently performed its obligations, by failing to screen, train, supervise, [and/or] consult with [Lynch] and ensure . . . [her] adequate performance . . . ," id.; and

(5) that as a direct result of these failures "as well as [YF Resource Center's] negligent retention of . . . Lynch, Kelsey . . . continued to suffer abuse which ultimately led to her death." Id. ¶ 38.

Briggs has also asserted in this claim for relief that Kelsey's injuries and death were a direct "result of . . . [YF Resource Center's] breach of the Letter Agreement . . . and/or [its] . . . negligence . . . ," id. at 13, ¶ 39, and that due to YF Resource Center's "breach of the Letter Agreement and its negligent recruitment, screening, training, retention, supervision and presentation of . . . Lynch," id., Lynch

(1) failed to obtain the proper education, training and experience to provide recommendations in Kelsey's case;

(2) failed to conduct an adequate investigation;

(3) failed to inform Judge Key that she did not possess adequate training and experience to make recommendations;

(4) improperly recommended that Kelsey should be returned to her mother, Raye Dawn Smith, now Porter, and her stepfather, Michael Porter; and

(5) failed to protect Kelsey.

Title 10, section 7003-3.7(B)(1) of the Oklahoma Statutes authorizes a court to appoint a guardian ad litem in cases where a petition has been filed alleging that a child is deprived.[4]  The guardian ad litem is statutorily obligated "to objectively advocate on behalf of the child and act as an officer of the court to investigate all matters concerning the best interests of the child."  10 O.S. § 7003-3.7(B)(4).

Title 10, section 7003-3.7(C)(1) of the Oklahoma Statutes provides that

"[w]henever a court-appointed special advocate program is available to the court to serve as a guardian ad litem, priority shall be given to appointment of the court-appointed special advocate to serve as guardian ad litem[5] for the child regardless of whether a guardian ad litem has been requested . . . ."

10 O.S. § 7003-3.7(C)(1).

YF Resource Center has argued that it is entitled to dismissal of the foregoing allegations and both the federal and state law causes of action because it is absolutely immune under both federal and state law.  In response, Briggs has conceded that YF

---

[4]The term "deprived" as used in the Oklahoma Children's Code includes a child "whose home is an unfit place for the child by reason of neglect, abuse, cruelty, or depravity on the part of the child's parents, legal guardian, or other person responsible for the child's health or welfare[.]"  10 O.S. § 7001-1.3(A)(14)(b).

[5]"For purposes of the Oklahoma Children's Code, [10 O.S. § 7001-1.1 et seq.,] the terms 'court-appointed special advocate' and 'guardian ad litem' shall have the same function."  Id. § 7003-3.7(C)(3).

Resource Center "might be correct," Plaintiff's Response at 19, to the extent any allegations against YF Resource Center in the second amended complaint are grounded on Lynch's alleged misconduct. Briggs has contended that his claim for relief against YF Resource Center is instead based upon YF Resource Center's own conduct–"conduct arising outside of the court proceedings involving Kelsey." Plaintiff's Response at 19.

In this connection, Briggs has contended that Kelsey was an intended third-party beneficiary of YF Resource Center's agreement with the District Court of Lincoln County and that he has asserted a claim against YF Resource Center for a breach of that agreement or for negligent performance of its contractual obligations.

In light of Briggs' response and because he did not substantially challenge the authorities cited by YF Resource Center, the Court finds that YF Resource Center's arguments regarding immunity are confessed. Briggs had sought in his third claim for relief to impose liability against YF Resource Center under title 42, section 1983 of the United States Code, and the Court finds absent any arguments to the contrary, that such claim, which requires an intent by a "state actor" to deprive another of a constitutional right, should be dismissed in its entirety.[6] The Court likewise finds that YF Resource Center is entitled to dismissal of the fourth claim for relief to the extent any allegations set forth therein could be construed as an attempt to impose liability against YF Resource Center under state law based upon negligence.

---

[6]Furtherrmore, liability under title 42, section 1983 of the United States Code cannot be based on the doctrine of respondeat superior. E.g., Monnell v. New York City Department of Social Services, 436 U.S. 658 (1978). Thus, to the extent, if any, YF Resource Center's liability in the third claim for relief was based upon Lynch's conduct, YF Resource Center would be entitled to dismissal of this claim for that reason.

The Court must now consider Briggs' contentions regarding its state law breach of contract or tortious breach of contract claim.  YF Resource Center has contended that Briggs "did not present, nor even attempt to present, any breach of contract action in this lawsuit[.]" Reply at 7.  As herein stated, Briggs has alleged in his fourth claim for relief that YF Resource Center had a Letter Agreement with the Lincoln County District Court, see Second Amended Complaint at 12, ¶ 37, and that YF Resource Center "breached its obligations under the Letter Agreement . . . by failing to screen, train, supervise, [or] consult with [Lynch] and ensure [her] . . . adequate performance . . . ." Id.  Briggs further has asserted that Kelsey's injuries and death were the result of YF Resource Center's "breach of the Letter Agreement." Id. at 13, ¶ 39.

The substance of a party's pleadings, not the title he employs, controls the issues to be adjudicated.  Thus, the misleading title of the fourth claim for relief itself does not determine or dictate whether this lawsuit includes a claim for breach of contract ; rather, the Court must examine the allegations advanced by Briggs to determine whether Briggs intended to assert a claim for breach of contract and further, to decide whether the allegations advanced in support of that claim are sufficient to withstand YF Resource Center's request for dismissal.

The Court first finds upon review of the second amended complaint, including the type[7] of damages that Briggs has sought to recover from YF Resource Center, that YF Resource Center's alleged liability is grounded not on contract, but rather on negligence.

---

[7]Briggs has sought to recover medical and burial expenses as well as damages for the mental pain and anguish suffered by Kelsey and damages for the grief suffered by Briggs and for loss of companionship and destruction of the parent-child relationship. See Second Amended Complaint at 14, ¶ 38.

See, e.g., Second Amended Complaint at 12, ¶ 37 (YF Resource Center "negligently performed its obligations"); id. at 13, ¶ 39 (YF Resource Center liable for "negligent recruiting, screening, training, retention, supervision and/or presentation of . . . Lynch"). Briggs has contended that the duties owed to Kelsey, statutory, contractual or otherwise, were allegedly breached by YF Resource Center because it was negligent in performing those duties.  It is evident based upon the allegations in this case that there can be no recovery against YF Resource Center on this claim for relief without proof of negligence, and Briggs has stated that his claim is based on contract, not negligence.  See Plaintiff's Response at 20 ("Plaintiff's Second Amended Complaint sufficiently alleges a breach of contract claim against [YF Resource Center]").

Furthermore, as case law teaches, third party beneficiary status as claimed by Briggs  results when the benefits flow directly from the contract and not merely incidentally or indirectly.  The intent of the parties to the contract is crucial, and the intent required in such situations is an intent that the promisor not only assume a direct obligation or duty to the promissee, but also assume a similar obligation or duty to the third party; knowledge that a third party may receive incidental benefits is not sufficient.  See Restatement (Second) of Contracts § 302

Drawing all inferences in favor of Briggs, the Court finds that this claim for relief is devoid of any allegations that the agreement between YF Resource Center and the Lincoln County District Court was "made expressly for the benefit of a third person," 15 O.S. § 29, or that Kelsey was more than an incidental beneficiary to that agreement.  See also Restatement (Second) Contracts § 313 (under "government" contracts that benefit public,

individual citizens are incidental beneficiaries unless different intention manifested).[8]
Absent the same, the Court finds that Briggs has failed to state a claim for breach of
contract for which relief may be granted and that YF Resource Center is entitled to
dismissal of the fourth claim for relief in its entirety.

Based upon the foregoing, the Court GRANTS the Motion to Dismiss [Doc. 38] filed
on August 25, 2006, by defendant YF Resource Center.

ENTERED this 31st day of January, 2007.



VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[8]To the extent, if any, Briggs has attempted to assert a cause of action for
tortious or negligent breach of contract, the Court finds such claim must likewise fail.
Again, such a cause of action requires "that the contract be made 'expressly for the
benefit of a third person' and 'expressly' simply means 'in an express manner; in direct
or unmistakeable terms; explicitly; definitely; directly.'  A third party beneficiary of a
contract may avail himself of its benefit and maintain an action thereon notwithstanding
he was a stranger thereto, had no knowledge of the contract, and was not identified
therein when it was made if it appears the parties intended to recognize him as a
beneficiary."  Keel v. Titan Construction Corp., 639 P.2d 1228, 1231 (Okla.
1981)(footnotes omitted).