IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYMOND LANCE BRIGGS, Individually, and as Personal Representative of the Estate of KELSEY SHELTON SMITH-BRIGGS, DECEASED, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-06-677-D |
| KRISTAL JOHNSON, in her individual capacity; YOLANDA HUNTER, in her individual capacity; DAVID BURGESS, in his individual capacity; JEAN BONNER, in her individual capacity; and EASTERN OKLAHOMA YOUTH SERVICES, INC. an Oklahoma Corporation, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is the Motion to Intervene [Doc. No. 113] filed by Raye Dawn Smith ("Smith"), and memorandum in support [Doc. No. 114]. Plaintiff has objected [Doc. No. 115]. The matter was heard on June 29, 2009. Smith appeared through counsel, Stephen Jones and Brooke Tebow;[1] Plaintiff appeared personally and through counsel, Derek K. Burch, James A. Scimeca, and Joe E. White, Jr.

Upon consideration of the submissions of the litigants and argument of counsel, the Court finds and orders as follows.

---

[1] Smith is currently incarcerated as a result of her conviction of the offense of enabling child abuse in connection with the death of Kelsey Shelton Smith-Briggs.

Plaintiff is the natural father, and personal representative of the estate of, Kelsey Shelton Smith-Briggs ("Kelsey"). Smith is the natural mother of Kelsey. Smith seeks to intervene as a matter of right in this action for the sole purpose of asserting an interest in, and claim to, a portion of the net settlement proceeds resulting from a settlement of claims Plaintiff asserted against certain defendants herein.[2] After payment of attorney fees and litigation expenses, there remains $345,097.56 (the "Net Proceeds").

Two Oklahoma statutes apply to the Court's treatment of the Net Proceeds from this wrongful death action: 12 Okla. Stat. §1053 and §1055.[3] Section 1053 recognizes that recoverable damages include pecuniary loss to survivors and grief and loss of companionship suffered by parents, and further states that the court shall determine the proper division between survivors. Section 1055 similarly delineates categories of damages where the decedent is a minor child.

Smith has established that: 1) her motion was timely filed; 2) she claims an interest in the Net Proceeds as the natural mother of Kelsey; 3) there is a substantial risk that her asserted interest will be impaired as a result of the determination of the proper distribution of the Net Proceeds absent intervention; and 4) Plaintiff will not adequately protect her asserted interest, as demonstrated by Plaintiff's Application for Order Approving Settlement and Distribution, which seeks to preclude any distribution to Smith. Accordingly, Smith has met the requirements for intervention as a matter of right pursuant to Fed.R.Civ.P. 24 (a) (2). *See Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993).

---

[2] Counsel for Smith stated at the hearing that Smith does not seek to object to the settlement reached or the Court's approval of the settlement.

[3] As Smith points out in her memorandum, 84 Okla. Stat. §231, the so-called "slayer statute" which bars inheritance from an estate where the potential taker was convicted of the murder or manslaughter of the decedent, does not apply in this case because Smith was not convicted of the crimes set forth in the statute. Nevertheless, a similar common law doctrine has potential application to this case. *See State Mut. Life Assur. Co. v. Hampton*, 696 P.2d 1027 (Okla. 1985).

IT IS THEREFORE ORDERED that Smith's Motion to Intervene is granted, and that she is permitted to intervene, but limited to the issue of the equitable distribution of the Net Proceeds.

IT IS FURTHER ORDERED, as agreed by the parties during the hearing, that the parties shall be allowed to conduct discovery pertinent to the issue of distribution of the Net Proceeds for sixty (60) days from the date of this Order. Within ten (10) days after the date of this Order, or at some earlier or later time as the parties may agree, the parties are to exchange lists of witnesses and exhibits. Not later than ten (10) days after the completion of discovery, the parties may submit briefs (in the nature of trial briefs) setting forth their respective positions, and limited to ten pages. Response briefs may be submitted within five (5) days thereafter, limited to five pages. A hearing for the presentation of evidence regarding the distribution of the Net Proceeds will be set to commence approximately thirty (30) days after the completion of discovery.[4]

IT IS SO ORDERED this 30th day of June, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] The Court is allowing one full day for the presentation of evidence in this matter; the parties should plan their presentations accordingly.